**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

JF FILTRATION, INC.,
D/B/A JOE W. FLY CO., INC.,

Plaintiff,

v.

GEORGE W. HOUSTON, JR., *et al.,*

Defendants.

Case No. 26-1227-AJP-BGS

**MEMORANDUM & ORDER DENYING MOTION TO STAY**

Before the Court is Defendants' Motion to Stay Discovery Pending Ruling on Motion to Dismiss (Doc. 28). The motion is now fully briefed. (Docs. 30, 31). For the reasons stated below, the motion is **DENIED**.

**Factual Background and Procedural History**

Plaintiff filed this action on July 22, 2026. (Doc. 1.) Prior to Defendants responding to the Complaint (and after Defendants received a clerk's extension on their response deadline), Plaintiff amended as a matter of right by filing its First Amended Complaint on August 11, 2026 (Doc. 8). This resulted in Defendants filing their first Motion to Dismiss on August 25, 2026. (Doc. 14.) The Court entered its initial order on planning and scheduling that same day, setting a Scheduling Conference for September 30, 2026, along with other related deadlines. (Doc. 15.)

On September 11, 2026, Plaintiff filed an unopposed motion to amend (Doc. 17), which was granted by the undersigned on September 15, 2026 (Doc. 20, text Order). The Second Amended Complaint was filed the next day. (Doc. 21.)

This Complaint, which serves as the operative pleading in the case, asserts claims against Plaintiff's former Wichita Branch Manager, George W. Houston, Jr., its former Business Development

Manager, Kyle Spencer, and Reign Supply, LLC. (*Id.*) Plaintiff alleges that Defendants Houston and Spencer had access to its pricing, cost, vendor, supplier, and customer information while employed by Plaintiff. Plaintiff continues that Defendants misappropriated binders containing Plaintiff's customer-account, pricing, customer-list, cost, vendor, and supplier information and later used Plaintiff's information to solicit or divert business to Defendant Reign Supply. (*Id.*)

The operative pleading asserts claims under the Defend Trade Secrets Act, 18 U.S.C. § 1836, and the Kansas Uniform Trade Secrets Act, K.S.A. § 60-3320, *et seq*. Plaintiff also brings common law claims for tortious interference and breach of fiduciary duty, while seeking injunctive relief. (*Id.*)

On September 30, 2026, Defendants moved to dismiss the operative pleading pursuant to Fed. R. Civ. P 12(b)(6). (Doc. 27.) Therein, Defendants argue that Plaintiff has not adequately identified a trade secret or pleaded a specific act of misappropriation, that the alleged pre-resignation conduct constituted lawful preparation to compete, and that Plaintiff's remaining claims are conclusory, derivative, displaced, or not independently cognizable. (*Id.*) This motion remains pending before the District Judge.

Defendants filed the present motion on October 7, 2026, seeking a stay of discovery and related pretrial deadlines until the District Judge rules on their motion to dismiss. (Doc. 28.) They argue that their dismissal motion is likely to conclude or substantially narrow the case, that discovery cannot affect resolution of this Rule 12(b)(6) motion, and that discovery between competitors would expose sensitive customer, pricing, cost, and vendor information. (*Id.*, at 3; Doc. 31, at 4.)

Plaintiff opposes the motion, arguing that Defendants have not demonstrated that the motion to dismiss is likely to terminate the action, have not identified a concrete discovery burden, and have shown that a protective order would be inadequate to protect their concerns regarding discovery of sensitive materials. (*See generally* Doc. 30.) In reply, Defendants emphasize the parties' status as competitors and contend that a protective order would not fully prevent competitive harm. (Doc. 31,

at 2-3.) Defendants stress that an "attorney's eyes only" provision in a protective order would bar Defendants Houston and Spencer from accessing customer and pricing evidence that would prevent them from properly engaging in their own defense. (*Id.*) They are also concerned about the subpoenaing of information from or regarding shared customers. (*Id.*, at 3-4.) Alternatively, Defendants request that discovery be sequenced so that Plaintiff must identify each claimed trade secret with reasonable particularity before obtaining discovery concerning Reign Supply's customers, quotations, pricing, costs, or vendors or serving subpoenas on customers or suppliers. (*Id.*, at 1, 5.)

## <u>Legal Analysis</u>

### I. Legal Standard.

Whether to stay discovery is committed to the sound discretion of the Court as part of its inherent authority to manage its docket. *Englund v. Kansas*, No. 25-2632-TC-BGS, 2026 WL 309032, at *2 (D. Kan. Feb. 5, 2026); *Klaasen v. Univ. of Kansas Sch. of Med.*, No. 13-2561-DCC, 2014 WL 12586790, at *1 (D. Kan. Aug. 13, 2014). In exercising this discretion, the Court "weigh[s] the competing interests [of the parties] and maintain[s] an even balance. *Middleton v. Amentum Govt. Servs. Parent Holdings, LLC*, No. 23-2456-EFM-BGS, 2024 WL 4836242, at *2 (citing *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936)).

The general policy in the District of Kansas is not to stay discovery merely because a dispositive motion is pending. *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994); *Kutilek v. Gannon*, 132 F.R.D. 296, 297–98 (D. Kan. 1990). Defendants, as the parties requesting the stay, bear the burden of clearly establishing a compelling reason for the Court to enter one. *Farmer v. Univ. of Kan. Hosp. Auth.*, No. 24-2335-HLT-BGS, 24-2335-HLT-BGS, at *2 (D. Kan. Oct. 18, 2024); *Accountable Health Solutions, LLC v. Wellness Corporate Solutions, LLC*, No. 16-2494-DDC-TJJ, 2016 WL 4761839, at *1 (D. Kan. Sept. 13, 2016).

A stay may be appropriate in limited circumstances when: "(1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit."[1] *Watson v. Unified School District No. 500*, No. 19-1044-EFM, 2019 WL 2174132, at *1 (D. Kan. May 20, 2019). The presence of one factor permits, but does not require, a stay. *Nieberding v. Barrette Outdoor Living, Inc.*, No. 12-2353-DDC-TJJ, 2014 WL 5817323, at *2 (D. Kan. Nov. 10, 2014) (holding that the factors "require individualized consideration and assessment in each case"). Thus, the ultimate determination remains discretionary and case-specific. *Id.* The Court will now address each of the factors from *Watson*.

## II. Analysis.

### A. Whether the Motion to Dismiss Will Likely Conclude the Action.

Defendants' indicate that their dispositive motion challenges each of Plaintiff's claims and requests dismissal of the entire case with prejudice. (Doc. 28, at 1.) This fact alone does not establish that the case is likely to be finally concluded. Were this scope of the requested relief sufficient to result in a stay, the filing of nearly any motion to dismiss the entire complaint would justify a stay, which is clearly contrary to the general policy of this District.

The Court need not predict the ultimate disposition of the dismissal motion to resolve the present request. *Davis v. Wal-Mart Real Estate Business Trust*, No. 25-2184-DDC-ADM, 2025 WL 1755206, at *2 (D. Kan. June 25, 2025); *Green v. Blake*, No. 18-2247-CM-JPO, 2020 WL 618602, at *1 (D. Kan. Feb. 10, 2020). That stated, Defendants' dispositive motion presents contested questions concerning the specificity of Plaintiff's alleged trade secrets, the sufficiency of its misappropriation

[1] The fourth circumstance is inapplicable because the motion to dismiss does not raise immunity from suit. As such, this will not be further addressed in the Court's Order.

and solicitation allegations, the characterization of Defendants' pre-resignation conduct, statutory displacement, and whether injunctive relief may stand as an independent count. (*See generally* Doc. 27.) Plaintiff, in turn, relies on allegations concerning the removal of its binders of information, pre-resignation meetings and communications, lost business, and Defendants' alleged failure to return records after written demand. (Doc. 30, at 1, 5.)

These competing factual issues do not permit the Court to conclude, for purposes of Defendants' requested stay, that dismissal of the entire action with prejudice is sufficiently likely to occur. As such, this does not constitute a compelling reason for the Court to enter a stay halting discovery.

**B. Impact of Facts Sought Through Discovery on the Dispositive Motion.**

The second factor for the Court to consider is whether the facts sought through discovery would affect the resolution of the dispositive motion. *Watson*, 2019 WL 2174132, at *1. Because the pending motion arises under Rule 12(b)(6), the Court ordinarily will resolve it by examining the sufficiency of the operative pleading rather than evidence obtained through discovery. *Am. Power Chassis, Inc. v. Jones*, No. 13-4134-KHV, 2017 WL 3149291, at *3 (D. Kan. July 25, 2017) (citing *Rubio ex rel. Z.R. v. Turner Unified Sch. Dist. No. 202*, 475 F.Supp.2d 1092, 1097 n.3 (D. Kan. 2007)). Defendant argues this weighs in favor of entering a stay. (Doc. 28, at 3.)

But this circumstance exists in virtually every case involving a Rule 12(b)(6) motion. Therefore, treating this situation as determinative of any request to stay would effectively replace the District's general policy with an automatic stay whenever a motion to dismiss is pending as Rule 12 motions to dismiss are determined on the facts as plead in the operative pleading. District of Kansas decisions have frequently declined to stay discovery merely because discovery is unnecessary to resolve a pleadings-based dismissal motion. *Kelly v. Kilo Charlie Holdings, LLC*, No. 26-2145-JMK-JBW, 2026 WL 2546022, at *4 (D. Kan. Aug. 28, 2026); *Middleton v. Amentum Govt. Servs. Parent Holdings, LLC*, No.

23-2456-EFM-BGS, 2024 WL 4836242; *Pierce v. PrimeRevenue, Inc.*, No. 17-2233-JTM, slip op. at 6 (D. Kan. July 27, 2017). Under the circumstances presented, the second factor does not provide a compelling reason for a blanket stay.

**C. Not All Discovery Would Necessarily Be Wasteful and Burdensome.**

The next factor for the Court to consider is whether discovery on all issues posed by the complaint would be wasteful and burdensome. *Watson*, 2019 WL 2174132, at *1. Defendants' strongest argument addresses the potential burden of discovery in the context of their concerns regarding disclosure of competitively sensitive information. (Doc. 28, at 4-5.) The parties compete in the same industry, and Defendants contend that discovery will encompass their customer, pricing, cost, vendor, and supplier information. (*Id.*)

The Court recognizes that discovery between direct competitors may present concerns beyond the ordinary cost of litigation. *See e.g. Digital Ally, Inc. v. Taser International, Inc.*, No. 16-2032-CM-TJJ, 2016 WL 5944497 (D. Kan. Oct. 13, 2016). Even so, the Court notes that Plaintiff's allegations are based on Defendants having improperly and illegally taken Plaintiff's confidential information. Plaintiff alleges that Defendants possess its physical business records and that communications relevant to its claims were moved from a company-issued telephone to Spencer's personal telephone. (Doc. 30, at 8.) This certainly impacts the Court's perspective as to Defendants' concerns. Further, discovery concerning the alleged acquisition, possession, preservation, and use of Plaintiff's information would remain relevant even if the dismissal motion ultimately narrows the claims or parties.

The Court is also not persuaded that the possibility of disputes over confidential material requires an immediate stay of all discovery. Federal Rule of Civil Procedure 26 protects parties against undue burden and improper disclosure. Subsection (c) of that Rule allows the parties to propose an

appropriate protective order and seek particularized relief concerning specific discovery requests. It is well-established in this District that

> confidentiality does not act as a bar to discovery and is not grounds to withhold documents or information from discovery." 'A concern for protecting confidentiality does not equate to privilege.' While a confidentiality objection may be appropriate when a party seeks a protective order limiting the parties' use or disclosure of confidential information, it is generally not a valid objection to withholding discovery altogether.

*High Point SARL v. Sprint Nextel Corp.*, No. 09-2269-CM-DJW, 2011 WL 4008009, at *1 (D. Kan. Sept. 9, 2011) (citations and footnotes omitted). *See also Kendall State Bank v. West Point Underwriters, LLC*, No. 10-2319-JTM-KGG, 2013 WL 593957, at *2 (D. Kan. Feb. 15, 2013) (holding that " 'privileged' and 'confidential' are two distinct concepts."). While the holding regarding confidentiality not equating to privilege is typically raised in the context of a motion to compel discovery, the undersigned finds this concept to applicable to the analysis herein. The third limited circumstance from *Watson* therefore also does not support the requested stay.

Defendants' reply also identifies sequencing as a possible means of addressing discovery directed to Defendant Reign Supply's competitively sensitive information. (Doc. 31, at 5.) Defendants did not, however, provide the Court with a sufficiently particular "sequenced" plan for the Court to give this further consideration. As such, the Court will not address this further.

**D. The Balance of Interests Does Not Favor a Blanket Stay.**

The Court acknowledges that blanket stay of discovery would obviously provide temporary protection to Defendants from producing competitively sensitive information. On the other hand, a stay would delay the case in its entirety pending a ruling by the District Court on a dispositive motion that was filed merely a few weeks ago. Further, a blanket stay would apply to all discovery, including discovery directed to the alleged removal and continuing possession of Plaintiff's materials. Plaintiff f\iled this action in July 2026, and, other than service of Rule 26 initial disclosures, it appears that no

discovery has been exchanged in this case. While Defendants represent that a stay pending resolution of their dispositive motion would be brief (Doc. 28, at 5), the undersigned Magistrate Judge is aware that the duration of a ruling on the motion to dismiss is uncertain.

On balance, Defendants have not clearly established a compelling reason to depart from the District of Kansas's general policy against staying discovery during the pendency of a dispositive motion. Confidentiality and competitive-harm concerns are better addressed through a protective order or targeted motions concerning particular discovery than through the blanket stay requested here.

## Case Management

On September 30, 2026, the Court convened a telephone Scheduling Conference in this case. At that time, defense counsel indicated the intention to file a motion to dismiss Plaintiff's Amended Complaint and the present motion to stay discovery. The Court indicated that if such motion to stay was denied, the Scheduling Conference would be reconvened soon thereafter. (*See* Doc. 26, 9/30/26 text Order.)

The Court thus instructs the parties to confer and submit a jointly proposed draft Scheduling Order, to chambers for the undersigned, no later than **November 19, 2026**. Upon receipt thereof, the Court will determine whether to enter the parties' proposed schedule or set an additional telephone Scheduling Conference.

## Conclusion

IT IS THEREFORE ORDERED that Defendants' Motion to Stay Discovery Pending Ruling on Motion to Dismiss (Doc. 28) is **DENIED**.

IT IS FURTHER ORDERED that the parties shall submit a jointly proposed draft Scheduling Order, to chambers for the undersigned, no later than **November 19, 2026**.

**IT IS SO ORDERED**.

Dated this 5th day of November, 2026, at Wichita, Kansas.

/s/Brooks G. Severson
Brooks G. Severson
United States Magistrate Judge